UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

REBECCAH J. JONES,

        Plaintiff,

  v.                                  Case No. 19-cv-947-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND REQUIRING PLAINTIFF TO PAY PARTIAL FILING FEE**

---

The plaintiff, who is representing herself, has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she has the ability to pay part of the filing fee. The plaintiff indicates that she is a widow, that she has income of $2,000 per month, and that she is responsible for supporting two disabled adults. Dkt. No. 2 at 1-2. The plaintiff states that her monthly expenses total $4,230 ($600 mortgage, $150 car payment, $200

credit card payments, $3,000 other household expenses, $80 water, $200 insurance). Id. at 2-3. Although the plaintiff lists significantly more outgoing expenses than income each month, she also indicates that she has $3,000 cash or in a checking/savings account. Id. at 3. The court takes the plaintiff's word that she has hefty monthly "other household expenses," but based on the amount of money the plaintiff has on hand (in an accessible checking or savings account), she should be able pay a partial filing fee. The court will order the plaintiff to pay a partial filing fee of $200.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits and that she believes the Commissioner's unfavorable conclusions in denying those benefits are not supported by substantial evidence and/or are contrary to law and regulation. Dkt. No. 1 at 4. In addition, the plaintiff states that she and her husband were married at the time of his death and that, prior to his death, they had adopted two disabled adults. Id. The plaintiff is seeking widow's

2

benefits for herself and survivor benefits for her two adopted sons. Id. At this early stage in the case, due to the fact that the plaintiff is unrepresented by counsel, and based on the information in her complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that by the end of the day on July 24, 2019, the plaintiff shall pay a partial filing fee of $200. If the court does not receive the filing fee by the deadline, it may dismiss this case for the plaintiff's failure to diligently pursue it.

Dated in Milwaukee, Wisconsin this 2nd day of July, 2019.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**