UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**REBECCAH J. JONES,**

    Plaintiff,

  v.                                                                               Case No. 19-CV-947

**ANDREW M. SAUL,**
**Commissioner of Social Security,**

    Defendant.

---

## DECISION AND ORDER

---

Rebeccah J. Jones, who is representing herself in this appeal, challenges the denial of her application for a lump-sum death payment due to the death of Wade A. Jones, the insured deceased, on July 23, 2013. (Docket # 1 and Tr. 32.) Jones further seeks survivor benefits on behalf of her two disabled adult sons. (Docket # 1 at 3.) For the reasons below, the Commissioner's decision is affirmed and this case is dismissed.

## BACKGROUND

On April 29, 2014, Jones filed an application for a lump-sum death payment due to the death of Wade A. Jones, the insured deceased, on July 23, 2013. (Tr. 32.) Jones alleged that as the deceased insured's widow, she was entitled to the payment. (*Id.*) The claim was denied initially and upon reconsideration. (*Id.*) Jones filed a request for a hearing, which was held on November 14, 2016. (Tr. 375–432.) Jones appeared and testified at the hearing, as did her friend, Kathleen Mahoney. (*Id.*)

In a written decision issued May 22, 2017, the ALJ found that Jones and the deceased insured were married on June 6, 1991. (Tr. 33.) However, the ALJ found that the evidence of

record included a judgment of divorce signed by a Racine County Court Commissioner on November 16, 1999 (Tr. 33, 61–78), a letter from the Racine County Clerk of Court dated July 19, 2016 indicating that Jones' divorce was finalized as of November 16, 1999 (Tr. 131), and a letter from the Chief Judge of the Racine County Circuit Court dated July 28, 2016 stating that her divorce was "granted, rendered, and entered" on November 16, 1999 (Tr. 129). Based on this evidence, the ALJ found that Jones was not legally married to the insured deceased at the time of his death or at the time of her application for a lump-sum death payment. (Tr. 33.) As such, the ALJ denied Jones' request for a lump-sum death payment. (Tr. 34.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Jones' request for review. (Tr. 8–10.)

## DISCUSSION

### 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v.*

2

*Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

### 2. *Application to this Case*

As an initial matter, it appears that Jones is attempting to expand her lawsuit to include a claim for survivor's benefits on behalf of her two disabled adult sons. (Docket # 1 at 3.) There is no indication in the record that Jones has filed a claim for survivor benefits on their behalf (Tr. 3–4) and the issue was not before the ALJ in this case (Tr. 32–34). The federal court is not the proper forum to make a claim for survivor benefits in the first instance. Rather, Jones must make this request with the Social Security Administration.

As to the widow benefits, 20 C.F.R. § 404.390 provides that a lump-sum death payment may be paid to the widow of the deceased if she was living in the same household with the deceased at the time of his death. Whether one is a "widow" under the regulations is determined by the laws of the state where the insured had a permanent home when he died, 20 C.F.R. § 404.345, in this case, Wisconsin. (Tr. 32.) Under Wisconsin law, a "surviving spouse" means a person who was married to the decedent at the time of the decedent's death. Wis. Stat. § 851.30. Further, the regulation provides that if "you and the insured were validly married under State law at the time you apply for wife's or husband's benefits or at the time the insured died if you apply for widow's, widower's, mother's, or father's benefits, the relationship requirement will be met." 20 C.F.R. § 404.345. Also, the relationship

requirement will be met if "under State law you would be able to inherit a wife's, husband's, widow's, or widower's share of the insured's personal property if he or she were to die without leaving a will." *Id.*[1]

Rather, Jones argues that she was never formally divorced from the deceased insured. (Pl.'s Br., Docket # 17.) When asked at the hearing about the judgment of divorce signed by a Racine County Court Commissioner on November 16, 1999 and on file at the Racine County Clerk of Court's Office (Tr. 33, 61–78), Jones testified that a woman the deceased insured was seeing at the time of his death falsified many of his documents, including the judgment of divorce (Tr. 389–91).

In a letter to the court dated November 14, 2019, Jones stated that she needed this court to "clarify her marriage" so that she can obtain the deceased insured's widow benefits. (Docket # 15.) I explained to Jones at that time that my task is to determine whether the ALJ, in reaching his decision, applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek*, 662 F.3d at 811. (Docket # 16.) I cannot determine the validity of her marriage or divorce. (*Id.*)

Turning to the task at hand, I find that the ALJ's determination that Jones and the deceased insured were not married at the time of his death is amply supported by the evidence. It was reasonable for the ALJ to rely on a file-stamped, original document entitled "Findings of Fact, Conclusions of Law, and Judgment of Divorce entered in Racine County Case No. 99-FA-756," indicating that a judgment of divorce was entered on November 16, 2009. (Tr. 61–78.) The validity of this judgment was confirmed not just by that document, but by both

---

[1] A surviving divorced wife of an insured will be entitled to widow's benefits under certain circumstances listed in 20 C.F.R. § 404.336; however, the ALJ determined that Jones did not meet any of the requirements under the regulation. (Tr. 33.) Jones does not challenge the ALJ's determination as to her eligibility for surviving divorced spouse benefits.

4

the Racine County Clerk's Office and the Racine County Chief Judge. (Tr. 129, 131.) The fact that Jones disputes the judgment's validity does not render the ALJ's determination of validity unreasonable. The record also contains further evidence indicating that Jones and the insured deceased were divorced, such as proceedings occurring after November 16, 2009 (the date in which the divorce became final) to enforce a child support order. (Tr. 279–80, 282.) Although the record also indicates that Jones and the deceased insured reconciled (Tr. 287), there is no evidence in the record that Jones and the deceased insured remarried prior to his death. In fact, the ALJ pointed to a letter from an attorney with whom Jones consulted explaining that there was no documentation evidencing that Jones and the deceased insured ever remarried. (Tr. 127.)

Again, I must determine whether the ALJ's decision is supported by substantial evidence. Substantial evidence is not conclusive evidence. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf*, 602 F.3d at 874. The evidence before the ALJ was more than adequate to support his conclusion that Jones and the deceased insured were not married at the time of his death and thus Jones was not entitled to widow's benefits. For this reason, the Commissioner's decision is affirmed and the case is dismissed.

## CONCLUSION

Jones argues the ALJ erred in determining that she was not entitled to widow's benefits. I find the decision is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed.

5

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 4th day of June, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge